**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **APRIL DAWN CARVER,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-571-Y |
| § | |
| **W. ELAINE CHAPMAN, Warden,** § | |
| **FMC-Carswell,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner April Dawn Carver, Reg. 04588-063, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

Carver is serving a 120-month term of imprisonment on her convictions for making a firearm and possession of an unregistered firearm, in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5861(d)

and (f), 5822, 5871, 5845, and 5971, in the Eastern District of Oklahoma.  (Resp't Appendix to Motion to Dismiss, Appendix 1)  Her current projected release date with good conduct time is January 4, 2016.  The government has filed a response to the petition with supporting documentary exhibits, to which Carver filed a reply.

### D.  Issues

Generally, Carver claims the Bureau's regulation categorically excluding from early release eligibility prisoners convicted of offenses involving possession, carrying, or use of a firearm or other dangerous weapon violates the Administrative Procedures Act (APA) and her constitutional rights under the Equal Protection and Separation of Powers Clauses and is contrary to unambiguous statutory language and Congressional intent.  (Petition at 4-5)

### E.  EXHAUSTION

The government asserts Carver's petition should be dismissed for failing to exhaust her administrative remedies as to her claims or, in the alternative, for lack of ripeness and standing. (Resp't Response at 2-8) Federal prisoners are required to exhaust available administrative remedies through the Bureau before seeking habeas corpus relief under § 2241.  *See Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993).  An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19.  The purpose of exhaustion is to permit the federal agency being challenged to correct its own error without court intervention.  *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).  Exhaustion is not required where the available administrative remedies either are unavailable or inadequate, or where the attempt to exhaust such remedies would be futile.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Where the Bureau has adopted the policy and instructed its staff in the form of a program statement that a particular category of inmates are ineligible for early

release, attempts to exhaust the administrative process may be futile. *See Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *2 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Assuming that to be the case, adherence to the exhaustion requirement would serve no purpose other than delay.

## F. Discussion

Title 18 U.S.C. § 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a residential drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60; Program Statement 5330.10. The Bureau is afforded considerable discretion to determine which prisoners may participate in such treatment programs and which prisoners are eligible for sentence reductions. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997). Toward that end, the Bureau published regulations and policies categorically excluding certain prisoners from consideration for early release, including inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon. 28 C.F.R. § 550.58(a)(1)(vi); Program Statement 5162.04. In Program Statement 5162.04, the Bureau further delineated offenses under 26 U.S.C. § 5861(a) - (l) that, at the Bureau's discretion, precluded early release eligibility under § 3621(e).

Relying on the Ninth Circuit case in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), Carver contends that categorical exclusion of inmates with felony convictions involving the carrying, possession, or use of a firearm or other dangerous weapon from eligibility for early release, notwithstanding the successful completion of a drug treatment program, is arbitrary and capricious

3

because the Bureau has failed to state a valid rationale for such exclusion or to satisfy notice-and-comment requirements in compliance with the APA.  She further contends that the rules and regulations at issue violate the equal treatment of similarly situated inmates nationwide because they are not being applied uniformly.

Quarterman claims that the claims are not ripe and/or that Carver lacks standing to bring this petition.  The eligibility requirements for admission to a drug abuse program include a verifiable documented drug abuse problem.  Furthermore, ordinarily, an inmate must be within thirty-six months of release to be considered for admission to such a program.  *See* 28 C.F.R. § 550.56; Program Statement 5330.10.  Quarterman asserts that Carver's claims are premature because her scheduled release date is not until January 4, 2016, and FMC-Carswell staff members have not yet determined whether she is eligible to enter a drug abuse program.  Quarterman further asserts that it is unknown whether staff will consider Carver to have the requisite verifiable, documented drug abuse problem.

There exists legal authority for Quarterman's assertions that Carver's claims are not ripe for judicial review.  Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all.  *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n,* 461 U.S. 190, 200-201 (1983); *Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981).  In fact, the event that would, in theory, trigger an injury to Carver may not occur as anticipated or at all.  The one-year sentence reduction is provisional; because Carver has not yet participated in and successfully completed a drug abuse program and been denied the reduction, no case or controversy currently exists.  *See Smith v. Arkansas Dep't of Corr.,* 103 F.3d 637, 643-44 (8th Cir. 1996) (prisoners must satisfy standing requirements, and court will not intervene unless constitutional

4

violation has occurred or threat of such violation is real and immediate). If Carver decides to participate in and completes a drug abuse program and then is denied early release, she can bring a new civil action in this federal court.

Even if Carver's claims were ripe, this circuit is not bound by Ninth Circuit case law. Most, if not all, courts outside the Ninth Circuit have rejected *Arrington* as contrary to *Lopez*, wherein the Supreme Court upheld a nearly identical version of § 550.58. *See, e.g., Gatewood v. Outlaw,* 560 F.3d 843 (8th Cir. 2009)*; Minotti v. Whitehead,* 584 F.Supp.2d 750, 2008 WL 4791462 (D.Md. Oct.31, 2008); *Neal v. Grondolsky,* No. 08-2477 NLH, 2008 WL 4186901 (D.N.J. Sept.9, 2008). Further, the same or similar claim was recently analyzed in *Cross v. Berkebile*, No. 3:08-CV-1899-L, 2008 WL 5435334 (N.D.Tex. Dec. 31, 2008). The analysis of the issue in *Cross* is persuasive. Thus, for the reasons stated in *Cross*, the categorical exclusion of prisoners convicted of offenses involving firearms does not offend the APA.

Furthermore, there is no constitutionally protected right of a convicted person to early release under § 3621(e). *Wottlin*, 136 F.3d at 1036; *Venegas v. H*, 126 F.3d at 765; *Stewart*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3. Even if Carver met the prerequisites of the statute, the Bureau has the authority, but not the duty, to reduce her term of imprisonment. *Lopez*, 531 U.S. at 241. Carver is ineligible because her convictions are for felony offenses that involved the carrying, possession, or use of a firearm and that fall under 26 U.S.C. § 5861(d) and (f). Disqualifying her based on the nature of her offenses is a reasonable exercise of the Bureau's broad discretion, and prison officials' authority, under the statute and the relevant regulations and program statements. The fact that prisoners in the Ninth Circuit are treated differently from prisoners in other circuits with respect to the application of 28 C.F.R. § 550.58 does not entitle Carver to relief. *See*

5

*Hernandez v. Gilkey,* 242 F. Supp. 2d 549, 554 (S.D.Ill. 2001) (prisoner's equal protection rights were not violated merely because similarly situated prisoners in other circuits were treated differently as a result of circuit split). Nor do the relevant regulations and program statements implicate a violation of the Separation of Powers doctrine. *See Baca v. Owens,* 293 Fed. Appx. 247, 2008 WL 3380769, at *1 (5th Cir. Aug.7, 2008) (finding no violation of the Separation of Powers doctrine when the claims involve only state branches of government); *Ross v. Cockrell,* No. 3:02-CV-1331-L, 2002WL 31415979, at*3 (N.D.Tex. Oct. 17, 2002) (accepting recommendation of Mag. J. which recognized that actions of a state parole board do not violate the Separation of Powers doctrine).

## II. RECOMMENDATION

It is recommended that the court find this matter is not ripe for adjudication and dismiss the petition without prejudice.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to the action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of the document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 10, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

6

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 21, 2009.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE